IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

METROPOLITAN LIFE INSURANCE )
COMPANY, )
                 Plaintiff, )
v. ) Case No. 21-CV-00332-RAW
)
KEITH ASBELL, LINDA POTEET, )
CHRISTOPHER STEWART, and PEARLIE )
ANN HILL, )
                 Defendants. )

**ORDER**

Before the Court is Plaintiff's Motion for Deposit of Funds and Dismissal, filed August 30, 2022 [Dkt. No. 25] . Defendants Linda Poteet, Christopher Stewart, and Pearlie Ann Hill filed their Response to the Motion and Motion for Default Judgment, and they did not object [Dkt. Nos. 28, 29]. Defendant Keith Asbell has not appeared in this action and thus has not filed a response. Upon review, the Court **GRANTS** Plaintiff's Motion for Deposit of Funds and Dismissal [Dkt. No. 25] and **GRANTS** Defendants' Poteet, Stewart and Hill's Motion for Default [Dkt. No. 29].

**FACTUAL BACKGROUND**

Ronald Asbell (the "Decedent") was a retiree of Union Pacific Corporation ("Union Pacific"). Prior to his death, he was receiving a disability retirement benefit and was a participant in the Union Pacific Plan sponsored by Union Pacific and funded by a group life insurance policy issued by Plaintiff Metropolitan Life Insurance Company ("MetLife"). Under the terms of the Union Pacific Plan, Decedent had a right to name a beneficiary to receive benefits in the event of his death.

Decedent was also a retiree of Central & Southern Pacific Railroad ("C&SPR") and maintained basic life insurance under the C&SPR Plan. The C&SPR Plan was likewise funded by a group policy of life insurance issued by MetLife. Under the terms of the C&SPR Plan, Decedent

had the right to name a beneficiary to receive benefits in the event of his death, as well.

During the time in which Decedent was a participant in the Plans, MetLife received three completed Beneficiary Designation forms bearing Decedent's signature. The first, dated June 15, 2004, designated Decedent's wife, Shirley Asbell, as primary beneficiary to receive 100% of the benefits under the Plans and the Asbell Revocable Living Trust dated February 9, 1997, as the contingent beneficiary. June 2004 Beneficiary Designation [Dkt. No. 25-1]. Years later, MetLife received a completed Beneficiary Designation form with the Decedent's signature dated July 3, 2019, designating Virginia Raye Carpenter, Defendant Hill, Defendant Poteet, and Defendant Stewart as primary beneficiaries each to receive 25% of the benefits under the Plans. July 2019 Beneficiary Designation [Dkt. No. 25-2]. The form expressly stated that, by signing, the Decedent "revoke[d] any previous designations, and … designate[d] the person, people, or entity [t]herein as beneficiaries." *Id*.

Less than a year later, MetLife received another Beneficiary Designation form bearing Decedent's signature dated March 14, 2020, designating Defendants Hill, Poteet, and Stewart as primary beneficiaries each to receive 33.3% of the benefits under the Plans. March 2020 Beneficiary Designation [Dkt. No. 25-3]. Once again, by signing, Decedent confirmed he was "revok[ing] any previous designations, and . . . designat[ing] the person, people, or entity named [t]herein as beneficiaries." *Id*.

The Decedent died on August 28, 2020. MetLife states that the face value of the Union Pacific Plan was $67,000, and the face value of the C&SPR Plan was $12,000 (the "Plans' Benefits"). The value of the Plans, collectively, as of August 30, 2022, was $79,000.

On or about September 18, 2020, MetLife received claims for Plan Benefits from Defendants Hill, Stewart, and Poteet, stating that they were entitled to benefits as Plan beneficiaries. Hill Claim Form [Dkt. No. 25-4]; Stewart Claim Form [Dkt. No. 25-5]; Poteet

Claim Form [Dkt. No. 25-6]. On or about September 25, 2020, MetLife received e-mail correspondence from Keith Asbell, stating that "[a]ny life insurance claim for payment by anyone other than me, Keith Thomas Asbell on behalf of the Ron and Shirley Asbell Family Living Trust are [sic] fraudulent and an attempted theft." Email, Keith Asbell to MetLife LifeClaimSubmit, Sept. 25, 2020 [Dkt. No. 25-7]. He urged that "[i]n August of 2018, [his] father Ronald Heyward Asbell, was diagnosed as having EOS Alzheimer's and Frontotemporal Dementia" and thus "ANY changes to the trust or second will dated after August of 2018 is fraudulent and illegal." *Id.* Keith Asbell further asserted that his father's diminished mental capacity would have impeded the Decedent's ability to change any beneficiary designation dated after August 2018. *See id.* Therefore, according to Keith, the designation dated June 15, 2004, naming Decedent's wife as primary beneficiary and the Asbell Revocable Living Trust as contingent beneficiary controls, and since Shirley Asbell pre-deceased her husband, the Trust is the beneficiary entitled to benefits. *See id.*

MetLife sent a letter to Defendants Hill, Poteet, Stewart, and Asbell on or around January 28, 2021, advising them that their claims for benefits were adverse and could not be resolved by MetLife. MetLife Letters to Hill, Poteet, Stewart, and Asbell, Jan. 28, 2021 [Dkt. No. 25-8]. As a result, MetLife would initiate an interpleader action to permit a court to decide between the claims. *Id.* Before doing so, though, MetLife said it wanted to give the Defendants the opportunity to try to resolve the dispute amicably in order to preserve the benefits from litigation costs and court fees. *Id.* The letter advised that MetLife must be informed in writing within 60 days of the date of the letter whether an amicable compromise of the claims could be reached. *Id.* If no such notice was received, Defendants would be notified of the interpleader action in due course. *Id.*

Following the letter, MetLife received a facsimile from Matthew McBee, attorney for Hill, Stewart, and Poteet, that included a copy of the Order Terminating Guardianship, entered

3

on February 29, 2019, in the case styled *In re Asbell*, No. PG-2017- 44, District Court of LeFlore County, State of Oklahoma. McBee Facsimile, March 3, 2021 [Dkt. No. 25-9]. This Order provided that "the Guardianship of SHIRLEY NOREEN ASBELL, an allegedly Incapacitated Person, and RONALD H. ASBELL, [wa]s … terminated," Keith Asbell was "relieved of his duties as Guardian of SHIRLEY NOREEN ASBELL and RONALD H. ASBELL," "Keith Asbell [wa]s to immediately return Ronald H. Asbell's Identification Card, Insurance Cards, Debit Cards, Check Books, and anything else that he ha[d] in his possession belonging to Ronald H. Asbell and/or Shirley Noreen Asbell … to Ronald H. Asbell's attorney," and "Keith Asbell [wa]s to immediately vacate Ronald H. Asbell's residence." Order Terminating Guardianship [Dkt. No. 25-10]. McBee also provided medical records from a medical examination conducted on January 29, 2019, indicating the Decedent had no cognitive impairment. Medical Records [Dkt. No. 25-11].

Defendants Hill, Stewart, and Poteet were served with the Complaint for Interpleader, and McBee filed an entry of appearance for these Defendants on November 16, 2021. Entry of Appearance [Dkt. No. 11]. Later, Defendants Hill, Stewart, and Poteet filed an Answer to the Complaint on February 2, 2022, claiming entitlement to the proceeds. Answer [Dkt. No. 12]. Defendant Keith Asbell was deemed to have been served by publication on August 1, 2022. Notice by Publication [Dkt. No. 21]; Affidavit of Service by Publication [Dkt. No. 24]. Defendant Keith Asbell did not appear in this action and thus did not respond to the Complaint or MetLife's Motion.

## DISCUSSION

MetLife seeks: (1) to deposit $79,000 (the value of the Plans) minus reasonable costs and attorneys' fees in the amount of $10,367.50 ($667.00 in costs and $9,700.50 in attorney fees) into

4

the registry of the Court; and (2) an order dismissing it with prejudice and discharging it from further liability in connection with the Plans' Benefits.

Under Rule 22 of the Federal Rules of Civil Procedure, a plaintiff who is exposed to "double or multiple liability" may join multiple defendants for interpleader. Interpleader is intended to protect the stakeholder from both multiple liability and multiple litigation. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 534 (1967); *In re Millennium Multiple Emp. Welfare Benefit Plan*, 772 F.3d 634, 639 (10th Cir. 2014) (explaining that interpleader is a procedure to resolve competing claims to a single fund in a party's control where the party fears exposure to multiple lawsuits relating to the fund); *LaMarche v. Metro. Life Ins. Co.*, 236 F. Supp. 2d 50, 55 (D. Me. 2002) (explaining that "interpleader exists to prevent the stakeholder from having to defend more than one action") (cited with approval in *Workman v. Great West Cas. Co.*, No. CIV-06-285-RAW, 2007 WL 98082585, at *1 (E.D. Okla. June 26, 2007)). Thus, interpleader allows a stakeholder faced with competing claims to deposit the funds with the court and be discharged from liability. *See* Fed. R. Civ. P. 22; 28 U.S.C. § 2361.

An interpleader action typically proceeds in two stages. *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007). First, the court determines whether the plaintiff "has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the [plaintiff] is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader." *Id*. If interpleader is appropriate, the court may allow the plaintiff to deposit the funds at issue into the registry of the court. *Id* at 641 n.2. The court may then discharge the plaintiff and "enjoin[ ] the parties from prosecuting any other proceeding related to the same subject matter…." *Id*. at 641 (internal quotation marks omitted). "Absent the presence of bad faith on the part of the [plaintiff] or the possibility that the [plaintiff] is independently liable, and after the interpleaded funds have been paid into the registry of the Court, discharge should be

readily granted." *Life Ins. Co. of N. Am. v. Simpson*, No. 08-2446, 2009 WL 2163498, at *4 (W.D. Tenn. July 16, 2009). At the second stage, once the plaintiff has been discharged, the court determines the relative rights of the parties to the funds at issue. *High Tech.*, 407 F.3d at 642.

Here, the Court has jurisdiction over this interpleader action, for the lawsuit is governed by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.*, and there is complete diversity of citizenship between MetLife and Defendants and the value of the Plans' Benefits exceeds $75,000. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332; 28 U.S.C. § 1335. The Court finds that MetLife has been "threatened with double or multiple liability," given the competing claims filed by Defendants Keith Asbell, Linda Poteet, Christopher Stewart, and Pearlie Ann Hill, and the Court is unaware of, and the parties have not proposed, an equitable concern that would prevent the use of interpleader here. Accordingly, MetLife has properly invoked interpleader under Fed. R. Civ. P. 22. MetLife neither contests that it is liable to pay the Plans' Benefits nor claims any entitlement to the Plans' Benefits. Further, the record does not reflect any bad faith on behalf of MetLife, and no party opposes MetLife's Motion. As such, MetLife's Motion for Deposit of Funds and Dismissal should be granted.

The Court further finds that MetLife, as a disinterested stakeholder, is entitled to reimbursement of its costs and attorneys' fees from the funds deposited. *Unum Life Ins. of Am. v. Williams*, No. CIV-15-304-SPS, 2015 WL 7960862, at *1 (E.D. Okla. Dec. 3, 2015). MetLife has shown that from the outset, it advised the Defendants that, due to competing claims, it was entitled to file an interpleader action and if interpleader became necessary, MetLife would seek to recover its attorneys' fees and costs from the Plans' proceeds. [Dkt. No. 25-8]. MetLife gave Defendants 60 days to resolve their dispute, but when those 60 days passed without resolution, MetLife retained counsel to bring this action. The Court finds MetLife made every reasonable effort to avoid incurring attorneys' fees and costs.

## CONCLUSION

For the foregoing reasons, MetLife's Motion for Deposit of Funds and Dismissal is **GRANTED.** Pursuant to Federal Rule of Civil Procedure 67, MetLife shall deposit the net proceeds of the Plans' Benefits into the Court's registry, and the funds shall be deposited by the Clerk of Court in an interest-bearing account.

**IT IS FURTHER ORDERED** that MetLife, having no interest in the Plans' Benefits, shall be and hereby is discharged and dismissed from this action with no further liability to Defendants.

The Court **AWARDS** MetLife its reasonable costs and attorneys' fees of $10,367.50, with all such costs and fees to be paid out of the Plans' Benefits.

The Court **GRANTS** Defendants Poteet, Stewart and Hill's Motion for Default Judgment against Keith Asbell and orders that he shall recover none of the benefits due under the Metropolitan Life Insurance Company's aforementioned policy.

**IT IS SO ORDERED** this 13th day of February, 2023.

*/s/ Ronald A. White*
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE